NOT FOR PUBLICATION



FILED

NOV 16 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROSARIO HERNANDEZ GARCIA; ) | No. 09-72152 |
| KEYLLA PAOLA ROSALES ) | |
| HERNANDEZ; MIGUEL ERNESTO) | Agency Nos. A076-857-334 |
| ROSALES HERNANDEZ, ) | A077-841-119 |
| ) | A077-841-192 |
| Petitioners, ) | |
| ) | **MEMORANDUM**[*] |
| v. ) | |
| ) | |
| ERIC H. HOLDER Jr., Attorney ) | |
| General, ) | |
| ) | |
| Respondent. ) | |
| ) | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted November 1, 2010
Seattle, Washington

Before:    B. FLETCHER, FERNANDEZ, and BYBEE, Circuit Judges.

Rosario Hernandez Garcia, a native and citizen of Guatemala, petitions for

review of the Board of Immigration Appeals' denial of her application for asylum,[1]

---

[*]This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[1]8 U.S.C. § 1158.

and for withholding of removal[2] relief.[3]  We deny the petition.

The BIA's determination that an alien is not eligible for asylum must be upheld if "'supported by reasonable, substantial, and probative evidence on the record considered as a whole.'"  INS v. Elias-Zacarias, 502 U.S. 478, 481, 112 S. Ct. 812, 815, 117 L. Ed. 2d 38 (1992) (citation omitted).  "It can be reversed only if the evidence presented . . . was such that a reasonable factfinder would have to conclude that the requisite fear of persecution existed."  Id.; see also Farah v. Ashcroft, 348 F.3d 1153, 1156 (9th Cir. 2003).  When an alien seeks to overturn the BIA's adverse determination, "he must show that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution."  Elias-Zacarias, 502 U.S. at 483–84, 112 S. Ct. at 817.  When an asylum claim is involved, an alien must show either past persecution or a well founded fear of future persecution that is "subjectively genuine and objectively reasonable."  Fisher v. INS, 79 F.3d 955, 960 (9th Cir. 1996) (en banc); see also Gu v. Gonzales, 454 F.3d 1014, 1019 (9th Cir. 2006).

Hernandez has not met her burden.  She did submit evidence that close

---

[2]8 U.S.C. § 1231(b)(3).

[3]Because the petitions of Keylla Paola Rosales Hernandez, her daughter, and Miguel Ernesto Rosales Hernandez, her son, are derivative of hers, we do not consider them separately.  They stand or fall with hers.

family members, who were serving in the Guatemalan army, had been killed, and that she had been threatened by unknown individuals and had been attacked by unknown individuals some four years later. However, nothing said or written by her attackers indicated that they knew of her military connection, that they knew her by name, or that they imputed any political opinion to her. A reasonable factfinder could determine that she had not spelled out a nexus between their actions and a protected ground. See Gormley v. Ashcroft, 364 F.3d 1172, 1177 (9th Cir. 2004); Ochave v. INS, 254 F.3d 859, 865–66 (9th Cir. 2001); Sangha v. INS, 103 F.3d 1482, 1490–91 (9th Cir. 1997). Thus, a finding of past persecution was not compelled. Elias-Zacarias, 502 U.S. at 481 n.1, 112 S. Ct. at 815 n.1; Parussimova v. Mukasey, 555 F.3d 734, 742 (9th Cir. 2009).

Because the BIA correctly determined that Hernandez did not meet the requirements for a grant of asylum, it properly determined that she did not meet the requirements for withholding of removal either. See Pedro-Mateo v. INS, 224 F.3d 1147, 1150 (9th Cir. 2000); Fisher, 79 F.3d at 965.

Petition DENIED.